IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTINE VLIET**  v.  **LIBERTY MUTUAL PERSONAL INSURANCE COMPANY** | **CIVIL ACTION**  NO. 21-3766 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                                    **March 14, 2022**

Defendant Liberty Mutual Personal Insurance Company has filed a Motion to Dismiss (ECF 13) in this case arising from a dispute over insurance coverage. Plaintiff Kristine Vliet brings claims alleging breach of contract, negligence, negligent misrepresentation, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). Defendant seeks to dismiss all but one of these claims. The Court will grant Defendant's Motion.

**I.      Background and Factual Allegations**

As alleged by Plaintiff, the events giving rise to this case are as follows. Kristine Vliet is a Pennsylvania resident who purchased a property insurance policy from Liberty Mutual Personal Insurance Company. (Am. Compl. ¶¶ 1–5.) Some time after purchasing the policy, the insured property was damaged by a fallen tree. (Id. ¶ 6.) Upon notifying Liberty Mutual of the damage and seeking benefits under the policy, Vliet learned that the policy would not fully cover her loss. (Id. ¶¶ 8–9.)

Plaintiff filed suit against Defendant in Pennsylvania state court, alleging that Liberty Mutual had misled her into purchasing an inadequate insurance policy and failed to pay benefits she is owed. (Id. ¶¶ 8–29.) Defendant removed the action to federal court (ECF 1). Plaintiff filed an Amended Complaint (ECF 11), bringing the following claims:

1

1. **Count I**: Breach of contract for failure to pay insurance benefits;

2. **Count II**: Breach of contract for failure to obtain adequate insurance;

3. **Count III**: Negligence;

4. **Count IV**: Negligent misrepresentation; and

5. **Count V**: Violation of the UTPCPL, 73 P.S. § 201-1, et seq.

Defendant seeks to dismiss Counts II, III, IV, and V for failure to state a claim. Plaintiff filed a Response (ECF 14), and Defendant filed a Reply (ECF 15).

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. Discussion

### a. Breach of Contract (Count II)

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016).

Plaintiff alleges that Defendant violated a contractual duty "to procure and provide proper and sufficient insurance coverage for Plaintiff in accordance with her request and needs." (Am. Compl. ¶ 30). Plaintiff has not properly alleged, however, that any contract existed between Vliet and Liberty Mutual that imposed this duty on Liberty Mutual prior to Vliet even purchasing a Liberty Mutual insurance policy. What Plaintiff describes is, at most, more akin to an "agreement to agree" than an enforceable contract. See Moody v. Allegheny Valley Land Tr., 976 A.2d 484, 495 n.5 (Pa. 2009) ("An agreement to agree is incapable of enforcement, especially when it is stipulated that the proposed compact shall be mutually agreeable."). The Court will therefore dismiss Count II, without prejudice and with leave to amend.

    **b. Negligence**

To plead a negligence claim, a plaintiff must establish that 1) the defendant owed the plaintiff a duty of care, 2) the defendant failed to uphold that duty of care, and 3) the defendant's failure to uphold the duty of care injured the plaintiff. R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005). "[A] duty consists of one party's obligation to conform to a particular standard of care for the protection of another." Id.

Plaintiff contends that Liberty Mutual had a "duty of care to properly investigate Plaintiff's insurance needs and to make proper recommendations for insurance coverage in accordance with Plaintiff's needs." (Am. Compl. ¶ 38.) The Court disagrees. The alleged negligence occurred prior to Vliet becoming a Liberty Mutual customer and consisted of Liberty Mutual allegedly recommending an insurance policy to Vliet that was ultimately not well-suited for Vliet's needs. At that time, Vliet's relationship to Liberty Mutual appears to have been simply that of a prospective customer visiting Liberty Mutual's website and exploring policy options.

3

Based on the facts alleged, the Court concludes that Liberty Mutual did not owe Vliet the substantial affirmative duty that Plaintiff alleges. See Wisniski v. Brown & Brown Ins. Co. of PA, 906 A.2d 571, 579 n.6 (Pa. 2006) ("Pennsylvania courts have often stressed that the insured has both the capacity and the duty to inquire about the scope of insurance coverage, rather than rely on 'hand holding and substituted judgment.'"). The Court will therefore dismiss Count III, without prejudice and with leave to amend.

### c. Negligent Misrepresentation

To sustain a claim for negligent misrepresentation, a plaintiff must plead "(1) a misrepresentation of a material fact; (2) made under circumstances in which the actor should have known of its falsity; (3) with an intent to induce another to act on it; (4) thereby causing injury to a party who justifiably relied upon the misrepresentation." Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 646 (Pa. 2021)

Plaintiff's allegations on this point are highly conclusory. (See Am. Compl. ¶¶ 41–42.) Plaintiff does not allege specific false factual assertions made by Liberty Mutual, nor does she make non-conclusory allegations to support the premise that Liberty Mutual made these alleged misrepresentations with the intent that Vliet purchase the particular policy at issue rather than one that would have adequately served Vliet's needs. Because the Amended Complaint does not contain "sufficient factual matter" to enable "the court to draw the reasonable inference that the defendant is liable for misconduct alleged," Fowler, 578 F.3d at 210, the Court will dismiss Count IV, without prejudice and with leave to amend.

### d. Unfair Trade Practices and Consumer Protection Law

To state a claim under the UTPCPL, a plaintiff must establish that 1) they purchased or leased goods or services for a personal, family or household purpose; 2) they suffered a loss of

money or property; 3) the loss occurred because of a method, act, or practice unlawful under the UTPCPL; and 4) the plaintiff justifiably relied upon the unlawful practice when making the purchasing decision.  Gregg, 245 A.3d at 646 (citing 73 P.S. § 201-9.2(a)).

Plaintiff's allegations regarding her UTPCPL claim are very conclusory.  Plaintiff appears to be bringing her UTPCPL claim pursuant to the statute's "catchall provision," which makes it unlawful to "engag[e] in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  73 P.S. § 201-2(4)(xxi); see also Gregg, 245 A.3d at 646–47 (discussing the catchall provision).  Plaintiff does not allege with any particularity what deceptive acts Liberty Mutual engaged in.  See Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (Yohn, J.) ("First, [to state a UTPCPL claim,] a plaintiff must allege facts showing a 'deceptive act,' that is 'conduct that is likely to deceive a consumer acting reasonably under similar circumstances.' (quoting Black's Law Dictionary 455 (8th ed. 2004)).  The Court will therefore dismiss Count V, without prejudice and with leave to amend.

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion, without prejudice and with leave to amend.  An appropriate Order follows.

O:\CIVIL 21\21-3766 Vliet v. Liberty Mutual Personal Ins. Co\21cv3766 Memorandum re MtD.docx