**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRISTINE VLIET**<br><br>   **v.**<br><br>**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO. 21-3766** |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

Baylson, J.                                                                                          June 10, 2022

**I.      Introduction**

Defendant Liberty Mutual Personal Insurance Company has filed a Motion to Dismiss (ECF 20) in this case arising from a dispute over insurance coverage.  Plaintiff Kristine Vliet brings claims alleging violations of Pennsylvania common law and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL).  Defendant seeks to dismiss all but one of these claims.

**II.      Background and Factual Allegations**

As alleged by Plaintiff, the events giving rise to this case are as follows.  Kristine Vliet is a Pennsylvania resident who purchased a property insurance policy from Liberty Mutual Personal Insurance Company.  (Second Am. Compl. ¶¶ 1–5.)  Some time after purchasing the policy, the insured property was damaged by a fallen tree.  (Id. ¶ 6.)  Upon notifying Liberty Mutual of the damage and seeking benefits under the policy, Vliet learned that the policy would not fully cover her loss.  (Id. ¶¶ 7–9.)

Plaintiff filed suit against Defendant in Pennsylvania state court, alleging that Liberty Mutual had misled her into purchasing an inadequate insurance policy and failed to pay benefits she is owed.  (Id. ¶¶ 10–43.)  Defendant removed the action to federal court (ECF 1) and moved

to dismiss most of Plaintiff's claims (ECF 13), which the Court granted (ECF 18).  Plaintiff filed

a Second Amended Complaint (ECF 19), bringing the following claims:

1. **Count I**: Breach of contract;

2. **Count II**: Fraudulent inducement;

3. **Count III**: Negligent misrepresentation; and

4. **Count IV**:[1] Violation of the UTPCPL, 73 P.S. § 201-1, et seq.

Defendant moves to dismiss Counts II, III, and IV.  Plaintiff filed a Response (ECF 21).

## III.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren

Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings

Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002)).   To survive the motion, a plaintiff must "plead

'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to

draw the reasonable inference that the defendant is liable for misconduct alleged.'"  Id. at 84

(quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).  Importantly, "threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV.   Discussion

### a.  Fraudulent Inducement

A claim for fraudulent inducement "is available when a person under no duty to enter a

contract was deceived into doing so."  SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183, 206

(3d Cir. 2022).  To state a claim for fraudulent inducement based on a misrepresentation, a plaintiff

---

[1] The Court notes that Plaintiff's UTPCPL claim is erroneously referred to as "Count V" in the
Second Amended Complaint.

must allege 1) a misrepresentation, 2) which is material to the transaction at hand, 3) made with knowledge of its falsity or recklessness as to whether it is true or false, 4) with the intent of misleading another into relying on it, 5) that the plaintiff justifiably relies on, 6) resulting in an injury proximately caused by such reliance.  Id. at 205 (citing Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994)).

Plaintiff alleges that Liberty Mutual falsely stated that the policy she was considering purchasing would cover the full cost of rebuilding her house, which played a very material role in her decision to then purchase that policy.  (Second Am. Compl. ¶¶ 15–16, 32–35.)  Plaintiff also alleges that Liberty Mutual's misrepresentation was made with recklessness as to truth, as Liberty Mutual allegedly failed to undertake customary insurance practices that would have allowed it to make a more accurate assessment of Vliet's insurance needs.  (Id. ¶¶ 20–29.)  Furthermore, Plaintiff alleges, Liberty Mutual's misrepresentation was made with the intent that Vliet rely on it—after all, Liberty Mutual's misrepresentation was made in the context of recommending an insurance policy to Vliet to purchase—and Vliet justifiably relied on the specialized knowledge of a long-established major insurance provider.  (Id. ¶¶ 36–37.)  Finally, Plaintiff alleges that Liberty Mutual's misrepresentation that her chosen policy would cover the full cost of rebuilding her home has injured her by causing her now-damaged house to be underinsured.  (Id. ¶¶ 38–43.)

The Court finds that Plaintiff's allegations are sufficient to support her fraudulent inducement claim.

In arguing for dismissal of Plaintiff's claim, Defendant emphasizes that Liberty Mutual did not owe Vliet a duty to inspect her property before selling her insurance.  (MtD Br. 3–6.)  However, Plaintiff's allegation is not that Liberty Mutual violated a duty by failing to inspect Vliet's property; Plaintiff's allegation is that Liberty Mutual made a false statement to Vliet about the

3

extent of her coverage.  Liberty Mutual's failure to inspect Vliet's property is only significant insofar as it may suggest reckless disregard as to the truth of that statement.

### b.  Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must plead "(1) a misrepresentation of a material fact; (2) made under circumstances in which the actor should have known of its falsity; (3) with an intent to induce another to act on it; (4) thereby causing injury to a party who justifiably relied upon the misrepresentation."  Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 646 (Pa. 2021).

The elements of a negligent misrepresentation claim are similar to those of a fraudulent inducement claim, and the Court finds that the same alleged facts that support Plaintiff's fraudulent inducement claim also sustain her negligent misrepresentation claim.  Insofar as the second element of a negligent misrepresentation claim differs slightly from the elements of Plaintiff's fraudulent inducement claim, the Court finds that Plaintiff's allegations that Liberty Mutual failed to adhere to customary insurance practices support a plausible inference that Liberty Mutual should have known its assertions regarding Plaintiff's coverage were false.  Accordingly, Plaintiff has properly stated a claim for negligent misrepresentation.

### c.  Unfair Trade Practices and Consumer Protection Law

To state a claim under the UTPCPL, a plaintiff must establish that 1) they purchased or leased goods or services for a personal, family or household purpose; 2) they suffered a loss of money or property; 3) the loss occurred because of a method, act, or practice unlawful under the UTPCPL; and 4) the plaintiff justifiably relied upon the unlawful practice when making the purchasing decision.  Id. (citing 73 P.S. § 201-9.2(a)).  The Pennsylvania Supreme Court "has stated courts should liberally construe the UTPCPL in order to effect the legislative goal of

consumer protection." Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145,

151 (Pa. Super. Ct. 2012) (citing Com., by Creamer v. Monumental Props., Inc., 329 A.2d 812,

816 (Pa. 1974)).

In the present case, Plaintiff alleges that she purchased an insurance policy for her house

and has suffered a loss in the form of significant repair costs that are uncovered by her policy.

(Second Am. Compl. ¶¶ 37–43.)  In arguing that this loss—which would not have occurred had

Vliet purchased a policy that fully covered her costs—was because of an unlawful practice under

the UTPCPL, Plaintiff points to the statute's "catchall provision."  (Second Am. Compl. ¶¶ 66–

67.)  This provision "makes it unlawful to "engag[e] in any other fraudulent or deceptive conduct

which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).  Plaintiff

avers that Liberty Mutual engaged in deceptive conduct by informing her that she was purchasing

a policy that would fully cover the cost of rebuilding her house—a representation that she

justifiably relied on, given Liberty Mutual's specialized knowledge of and experience with

insurance.  (Second Am. Compl. ¶¶ 63–66.)

Based on these allegations, the Court concludes that Plaintiff has properly stated a claim

under the UTPCPL.

### d.  Gist of the Action

Defendant argues that Plaintiff's negligent misrepresentation and UTPCPL claims are

barred by the gist of the action doctrine.  (MtD Br. 10–11.)  "[T]he doctrine is designed to maintain

the conceptual distinction between breach of contract claims and tort claims" by "preclud[ing]

plaintiffs from re-casting ordinary breach of contract claims into tort claims."  eToll, Inc. v.

Elias/Savion Advert., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).  The gist of the action doctrine

> bars tort claims: (1) arising solely from a contract between the parties; (2) where
> the duties allegedly breached were created and grounded in the contract itself; (3)

where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

Id. at 19 (citations omitted) (quotation marks omitted).

The Court finds that the gist of the action doctrine does not bar Plaintiff's tort claims. Plaintiff has brought a breach of contract claim, which is not being challenged at this stage, alleging that Liberty Mutual has failed to fulfill its obligations under her insurance policy. Plaintiff's negligent misrepresentation and UTPCPL claims address a different issue: not whether Liberty Mutual is adhering to the terms of the policy, but whether it made misrepresentations about the policy that were material to Vliet's decision to purchase it. See SodexoMAGIC, 24 F.4th at 217 ("[A] precontractual duty not to deceive through misrepresentation or concealment exists independently of a later-created contract."). The claims are not dependent on each other for success; Liberty Mutual may have made material misrepresentations about a policy that it has adhered to, or it may have accurately represented a policy that it has failed to adhere to.

As such, Plaintiff may proceed with her negligent misrepresentation and UTPCPL claims. See id. ("The gist of the action doctrine does not apply here because [the plaintiff's] fraudulent inducement claim does not depend on the breach of a contractual duty. . . . [A]ny duty [the defendant] owed [the plaintiff] during negotiations was grounded only in tort."); Knight v. Springfield Hyundai, 81 A.3d 940, 951 (Pa. Super. Ct. 2013) ("Although [the plaintiff] purchased the vehicle pursuant to the contract, the alleged representations by Appellees occurred prior the signing of any contract. . . . As such, the gist of the action doctrine did not warrant the dismissal of [the plaintiff's] UTPCPL claims.").

6

## V.    Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion.  An appropriate Order follows.

O:\CIVIL 21\21-3766 Vliet v. Liberty Mutual Personal Ins. Co\21cv3766 Memorandum re Second MtD.docx